# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1796

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Melissa Miner, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2008
Filed: October 17, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Melissa Miner pleaded guilty to felony criminal contempt of a lawful court order, a violation of 18 U.S.C. § 401(3). She appeals, contending that the district court abused its discretion in imposing sentence.[1] We affirm.

Miner was served with a subpoena on February 5, 2007, in <u>United States v. Saddler</u>. She appeared for a pretrial interview on February 22, 2007, and was scheduled to testify in federal court on March 6, 2007. When Miner failed to appear

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

on the given day, the district court granted the government an overnight continuance to find her. A drug task force officer contacted Miner's mother, boyfriend, and employer, but was unable to locate her. The trial reconvened the next day, with the government completing its case and securing a conviction without the benefit of Miner's testimony.

Miner called the officer during the afternoon of March 7, 2007, telling him that she knew she was required to appear at the trial, but had stopped taking her medication, resumed using drugs, and "spaced off" her court appearance. Miner had personal knowledge of Saddler's unlawful activities, and her testimony was important to the government's case.

Miner was charged with and pleaded guilty to one count of felony criminal contempt. In the memorandum of the proposed plea agreement, Miner acknowledged her understanding that the offense was punishable at the discretion of the district court and that she could be subjected to a term of incarceration in excess of one year, among other penalties. She further acknowledged that the district court would sentence her after considering several factors, including "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The parties recommended a sentence of drug treatment, a weekend in jail, and a $500 fine.[2]

At the sentencing hearing, the district court determined that the guidelines range for Miner's offense was between six and twelve months, based on Miner's criminal

---

[2]In the plea agreement, the parties agreed that the sentencing range would be between zero and six months, but that range was based on the erroneous calculation of Miner's criminal history category. The parties believed that her criminal history was category III, but it was scored as category VI. While Miner argued that category VI overstated the seriousness of her previous offenses, she does not object to the category VI criminal history assessment.

history category VI, a base offense level of six, and a two-level reduction for acceptance of responsibility. The parties urged the district court to accept the sentence set forth in the plea agreement. Miner also requested a downward departure or variance, arguing that her criminal history category overstated the severity of her criminal behavior and thus resulted in an unreasonably harsh sentence. After weighing the section 3553(a) factors, the district court sentenced Miner to twelve months' imprisonment, a sentence Miner argues is unreasonable.

We review a sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a), and we reverse only if the district court abused its discretion. Gall v. United States, 128 S. Ct. 586, 596-98 (2007); United States v. Roberson, 517 F.3d 990, 993 (8th Cir. 2008). On appeal, we may presume a sentence within the properly calculated guidelines range is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2465 (2007). A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors. Roberson, 517 F.3d at 993; United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007).

The district court correctly calculated Miner's advisory guidelines range, and the twelve-month sentence falls within it. Miner does not challenge the guidelines range, but instead argues that the district court failed to properly consider the section 3553(a) factors. We disagree. The district court specifically considered the nature and circumstances of the offense, rejecting Miner's drug use as an excuse for her failure to appear or as a reason to impose a lighter sentence. The district court explained that Miner's absence caused Saddler's trial to be delayed and cost the government considerable time and money in its search for her. The district court rejected the parties' plea agreement because it believed that the recommended sentence did not reflect the seriousness of the offense, Miner's lengthy criminal history, or Miner's consistent failure on probation. Although Miner argues that the

court should not have considered the need to vindicate its authority, the guidelines require the court to consider the need for the sentence imposed "to promote respect for the law." 18 U.S.C. § 3553(a)(2)(A). Finally, Miner's argument that the district court erred when it termed her criminal history category a "gift" is unavailing. Regardless of whether that characterization was appropriate, the calculation of Miner's criminal history category was accurate. In sum, we conclude that the district court did not abuse its discretion in sentencing Miner as it did.

The judgment is affirmed.

_____