# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1573

———————

United States of America,

        Plaintiff – Appellee,

v.

Donnie White, also known as Cash,

        Defendant – Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: September 24, 2009
Filed: October 6, 2009

———————

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

———————

PER CURIAM.

Donnie White pled guilty to conspiracy to distribute and possession with intent to distribute heroin and fentanyl, 21 U.S.C. §§ 841(a)(1), 846. The district court[1] found that White was a manager or supervisor, determined that his guideline range was 168-210 months, and sentenced him to serve 210 months. White appeals his

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

sentence, arguing that the court erred by applying the role enhancement and by not adequately considering the 18 U.S.C. § 3553(a) factors.

We review for clear error the district court's determination that White's role in the offense warranted a three level sentencing enhancement. United States v. Vasquez, 552 F.3d 734, 737 (8th Cir. 2009). The enhancement is appropriate if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The government must prove the defendant's aggravating role by a preponderance of the evidence. United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008).

There is sufficient record evidence to support the court's finding. White introduced large scale heroin sales on a St. Louis block that became an open air market run by a group of distributors. With a partner White purchased heroin from a large scale dealer in Chicago. Wiretap calls show that he offered co-conspirators advice on storing narcotics and that he referred out several smaller sales of heroin to lower level street dealers. There was evidence that White controlled the price and method of heroin sales on the block and that he was the only member of the distributor group contacted by others after a shooting. The court's role determination was not clearly erroneous.

We may presume the reasonableness of a sentence within the properly determined guideline range, and we review the sentence for an abuse of discretion. United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008) (citing Rita v. United States, 551 U.S. 338 (2007)). The court explicitly recognized its obligation to consider the 18 U.S.C. § 3553(a) factors and offered reasons for the sentence it was imposing. These included White's large scale heroin sales, his managerial role in the

offense, and the need to avoid unwarranted sentencing disparities.  On this record we find no abuse of discretion.

The judgment of the district court is affirmed.

_____