# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1325
_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Alberto Umansor-Mejia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 10, 2014
Filed: May 1, 2015
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Carlos Alberto Umansor-Mejia pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). The presentence investigation report (PSR) recommended a guidelines range of 46 to 57 months' imprisonment. The district

court[1] varied downward and sentenced Umansor-Mejia to 36 months' imprisonment. Umansor-Mejia claims his sentence is substantively unreasonable because he was entitled to a greater variance. We affirm.

I

Umansor-Mejia was born in Honduras. He illegally entered the United States in 2001, at the age of 19. He moved to Minnesota, where he lived and worked until 2004. In 2004, Umansor-Mejia was deported after someone reported a number of illegal immigrants living in St. Cloud.

In 2005, however, Umansor-Mejia again moved to Minnesota. He was arrested for drunk driving, but he gave police a false name so he would not again be deported. In 2006, Umansor-Mejia pled guilty, under a false name, to third-degree criminal sexual conduct. Umansor-Mejia, then 24, had sexual intercourse with a 15-year-old victim. Umansor-Mejia was deported a second time in February 2009.

Umansor-Mejia nevertheless returned to Minnesota. He claims he did so to be with his pregnant girlfriend. He joined a church and became a minister. He broke his back at work, and in 2012, underwent surgery. While recovering from surgery, his probation—part of his sentence for the 2006 conviction—was revoked for failing to report his location. Umansor-Mejia's recovery was frustrated while in jail, so he has trouble walking and is in constant pain. Immigration and Customs Enforcement officials soon became aware that he was an illegal alien.

A grand jury indicted Umansor-Mejia in the present case in May 2013, and he pled guilty in July 2013. In the plea agreement, the parties contemplated a base

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

offense level of 21 and criminal history category III, corresponding to an advisory guidelines sentencing range of 46 to 57 months in prison. The PSR also reflected these calculations.

The government sought a within-guidelines sentence. Umansor-Mejia sought a downward departure, claiming that the guidelines in these circumstances "double count" prior convictions—the base offense level is increased due to the conviction and the conviction is used to calculate criminal history points. Umansor-Mejia alternatively sought a downward variance due to his troubled past and other extenuating circumstances, such as his newfound dedication to Christianity. Umansor-Mejia argued that 18 months in prison would be an appropriate sentence.

The district court granted a variance and sentenced Umansor-Mejia to 36 months in prison. Umansor-Mejia timely appealed.

II

Umansor-Mejia challenges the substantive reasonableness of his sentence. He contends that even though the district court granted him a downward variance, the sentence the district court imposed was nevertheless greater than necessary to accomplish the goals of federal sentencing.

We review a sentence under a deferential abuse-of-discretion standard. United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012). Where a defendant challenges a sentence which varied downward from the guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." Id. (internal quotation omitted). A district court nevertheless abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or . . . commits a clear error of judgment in weighing [appropriate] factors." United States v. Miner, 544 F.3d 930, 932 (8th

Cir. 2008). The defendant bears the burden of demonstrating that the sentence is unreasonable. United States v. Bolden, 596 F.3d 976, 984 (8th Cir. 2010).

Umansor-Mejia contends that the district court failed to consider his "personal transformation"—his dedication to Christianity—during sentencing. Although the district court did not specifically address the alleged transformation during sentencing, we cannot presume that the district court simply ignored the factor. See United States v. Johnson, 619 F.3d 910, 922 (8th Cir. 2010) ("[T]he district court was aware of [the defendant's] arguments, and we therefore presume that the district court considered and rejected them."). Umansor-Mejia highlighted this transformation in his sentencing memorandum and through various letters submitted to the court. Umansor-Mejia also alleges that the district court gave insufficient weight to other relevant factors—his alleged difficult childhood, his extraordinary medical condition, the undue harshness of the guidelines, and the time he spent in custody prior to sentencing. The district court questioned Umansor-Mejia's personal history, noting that other court documents told conflicting stories. The district court specifically discussed the base-offense-level enhancement stemming from Umansor-Mejia's sexual conduct conviction. And when imposing its sentence, the district court mentioned many of the mitigating factors in Umansor-Mejia's case. It varied downward "[d]ue to [Umansor-Mejia's] health concerns, the fact that [he was] not actively committing a crime at the time [he] committed this offense, and the fact that [he has] been in custody. . . awaiting resolution in this case."

The district court weighed proper factors and did so appropriately. We hold that the district court did not abuse its discretion by sentencing Umansor-Mejia to a sentence ten months below the bottom of the guidelines range.

_____