# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3023
_____

United States of America

*Plaintiff - Appellee*

v.

Khemall Jokhoo, also known as Kenny Jokhoo, also known as Kevin Smith, also known as Kevin Day, also known as Mike Lee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: October 19, 2015
Filed: December 1, 2015
_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.
_____

MURPHY, Circuit Judge

    A jury convicted Khemall Jokhoo of eleven counts of bank fraud, nine counts of mail fraud, two counts of wire fraud, ten counts of aggravated identity theft, and

one count of impersonating a federal officer or employee. The district court[1] sentenced him to 175 months, and he appeals his sentence. We affirm.

I.

Jokhoo was a registered debt collector in Minnesota. He owned and operated First Financial Services, Inc. (FFSI), a licensed debt collection business. As a debt collector, Jokhoo had access to debtors' personal information, including their Social Security numbers, telephone numbers, and addresses. Jokhoo would call debtors at their homes and workplaces and demand that they send money to FFSI for alleged overdue debts, often using threats and obscenities to intimidate them. He would also contact their banks and credit card companies and, using their personal information to impersonate them, convince those companies to mail checks or electronically transfer funds to FFSI. When Jokhoo received checks payable to the debtors, he would forge their endorsements to FFSI. He would then deposit the checks in FFSI's accounts and withdraw the funds.

The Minnesota Department of Commerce (DOC) revoked FFSI's license in November 2009 after receiving reports of Jokhoo's fraud. In April 2011 the DOC also revoked Jokhoo's debt collector registration and imposed civil penalties after a hearing at which an administrative law judge found that Jokhoo had caused several financial institutions to send him money without the account holders' authorization. The DOC also concluded that Jokhoo had violated the Fair Debt Collection Practices Act and Minnesota law by making false representations and threats in attempting to collect alleged debts.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Following a criminal investigation Jokhoo was indicted on thirty three counts relating to his fraud scheme.[2]  Counts 1–22 alleged bank fraud in violation of 18 U.S.C. § 1344, mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343.  Counts 22–32 alleged aggravated identity theft in violation of 18 U.S.C. § 1028A.  Count 33 alleged impersonation of a federal officer or employee in violation of 18 U.S.C. § 912.  The jury convicted Jokhoo of all counts.

The presentence investigation report (PSR) calculated an offense level of 33 for Counts 1–22 and 33.  It started with a baseline level of 7 and applied a 14 level enhancement for the total loss amount, a 4 level enhancement for the number of victims, and 2 level enhancements for each of the following: the victims' vulnerability, Jokhoo's use of sophisticated means, his violation of the DOC's administrative order, and his abuse of a position of trust.  Jokhoo objected to those enhancements, arguing among other things that the total loss included amounts that had not been proven at trial.  The district court held an evidentiary hearing to resolve factual issues relating to the enhancements.

At the hearing the government introduced a spreadsheet listing dozens of transactions it alleged were part of Jokhoo's scheme, most of which were not included in the indictment.  The spreadsheet included transactions that Jokhoo had successfully completed as well as transactions that had been reversed before Jokhoo could access the money, thereby reflecting both the actual loss and the intended loss from his scheme. The spreadsheet showed an actual loss of $257,284.00 and an intended loss of $711,965.82.  The government also called Postal Inspection Service fraud analyst John Callinan who had investigated Jokhoo and testified at his trial.  Callinan testified at the hearing that he had investigated each of the transactions on the spreadsheet and that those transactions were consistent with the pattern of fraud proven at trial.

---

[2] The original indictment included thirty five counts, two of which were later redacted.

Jokhoo cross examined Callinan but did not submit any evidence to rebut his testimony.

The district court adopted the PSR, except that it reduced the enhancement for the number of victims by 2 levels. The court agreed with the PSR's enhancements for the total loss amount, violation of an administrative order, and vulnerable victims based on its findings that Jokhoo had intended to cause a loss of $711,965.82, that he had continued his scheme after the DOC revoked his debt collector registration, and that he knew or should have known that his victims were particularly vulnerable to his fraud due to their financial distress. It also agreed with the PSR's enhancements for Jokhoo's use of sophisticated means and his abuse of a position of trust. The court calculated a total offense level of 31 and a criminal history category of II, resulting in a guideline range of 121–151 months for Counts 1–22 and 33. It sentenced Jokhoo to a total of 175 months, made up of 151 months on Counts 1–22 and 33 and a consecutive sentence of 24 months on Counts 23–32. Jokhoo appeals his sentence, raising procedural issues and lack of substantive reasonableness.

II.

"Sentences are reviewed first for procedural error and then for substantive reasonableness." United States v. Callaway, 762 F.3d 754, 758–59 (8th Cir. 2014). In analyzing a sentence for procedural error, we review a district court's interpretation and application of the guidelines to the facts de novo and its factual findings for clear error. Id. at 759. "Under the clearly erroneous standard, we will affirm the trial court's decision unless it is not supported by substantial evidence, was based on an erroneous view of the law, or we are left with a firm conviction that a mistake has been made after reviewing the entire record." United States v. Fazio, 487 F.3d 646, 657 (8th Cir. 2007).

Jokhoo first argues that the district court clearly erred by finding that the total loss was $711,965.82. We disagree. The 2013 guidelines[3] provide that "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). Actual loss is the "reasonably foreseeable pecuniary harm that resulted from the offense," while intended loss is "the pecuniary harm that was intended to result from the offense." Id. cmt. n.3(A)(i)–(ii). A district court's method of calculating loss "must be reasonable, but the loss need not be determined with precision." United States v. Hodge, 588 F.3d 970, 973 (8th Cir. 2009), quoting United States v. McIntosh, 492 F.3d 956, 960–61 (8th Cir. 2007). Here, the government submitted unrebutted testimony at the sentencing hearing showing that Callinan had investigated each of the transactions on the loss spreadsheet and had concluded that those transactions were part of the same pattern of fraud that was proven at trial. Based on that evidence the district court reasonably found that Jokhoo intended to steal $711,965.82 through his fraud scheme.

Jokhoo contends that the evidence submitted at the sentencing hearing was hearsay and that he was denied his constitutional right to confront his accusers. Hearsay is admissible at sentencing hearings, however, and there is no constitutional right to confront witnesses during sentencing. See, e.g., United States v. Brown, 430 F.3d 942, 943–44 (8th Cir. 2005). Jokhoo also argues that the court should have limited the loss to the amounts proven at trial, but "[r]elevant conduct under the guidelines need not be charged to be considered in sentencing, and it includes all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Radtke, 415 F.3d 826, 841 (8th Cir. 2005) (internal quotation marks omitted). Jokhoo finally claims that the court double counted certain transactions in calculating the intended loss. Specifically, Jokhoo notes that the loss spreadsheet includes several attempted transactions

---

[3] We apply the 2013 guidelines, which were in effect at the time Jokhoo was sentenced. See 18 U.S.C. § 3553(a)(4)(A)(ii).

involving the same victims and amounts. He asserts that the "logical assumption" is that he only intended to steal a specific amount from those victims and made several attempts to do so. We reject this argument, particularly because the record shows that Jokhoo had successfully stolen from the same victims multiple times and had in fact stolen the same amount twice from one victim. The district court therefore did not clearly err in calculating the intended loss.

Jokhoo also asserts that the district court erred in applying the enhancement for violation of an administrative order. Again we disagree. The guidelines instruct that this enhancement applies "if the defendant commits a fraud in contravention of a prior, official judicial or administrative warning, in the form of an order, injunction, decree, or process, to take or not to take a specified action." U.S.S.G. § 2B1.1 cmt. n.8(C). The administrative order need not expressly enjoin proscribed conduct, but must direct a defendant to refrain from such conduct. See, e.g., United States v. Nash, 729 F.3d 400, 405 (5th Cir. 2013). Here, the DOC imposed sanctions against FFSI[4] and Jokhoo in November 2009 and April 2011 based on "the same or similar fraudulent conduct" of which Jokhoo was convicted. U.S.S.G. § 2B1.1 cmt. background. Those sanctions "clearly ordered" Jokhoo to stop committing fraud, but the record shows that Jokhoo continued to do so until mid 2012. Nash, 729 F.3d at 406 (internal quotation marks omitted). The district court therefore did not err in applying this enhancement.

Jokhoo's finally argues that the district court erred in applying the vulnerable victim enhancement. He contends that the district court applied this enhancement based on two victims who were elderly or disabled even though there was no evidence that he knew or should have known of their vulnerability. Contrary to Jokhoo's assertion, however, the district court applied this enhancement based on its finding that Jokhoo's victims were financially distressed, which "is enough to make one

---

[4] This enhancement also applies if a defendant controlled an entity, such as FFSI, that was a party to proceedings resulting in an administrative order. See U.S.S.G. § 2B1.1 cmt. n.8(C).

vulnerable to financial crimes." United States v. Johns, 686 F.3d 438, 460 (7th Cir. 2012). Jokhoo does not challenge the district court's finding that his victims were financially distressed or its conclusion that this made them vulnerable to his fraud. Accordingly, he has waived any challenge to the district court's application of this enhancement. See, e.g., Chavero-Linares v. Smith, 782 F.3d 1038, 1040 (8th Cir. 2015). We thus conclude that the district court committed no procedural error.

III.

Jokhoo also challenges his sentence as substantively unreasonable. We review substantive reasonableness under an abuse of discretion standard. See, e.g., United States v. Young, 644 F.3d 757, 762 (8th Cir. 2011). A district court must consider the factors in 18 U.S.C. § 3553(a) in imposing a sentence and abuses its discretion if "it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008).

The district court did not abuse its discretion in imposing a 175 month sentence. The 151 month sentence for Counts 1–22 and 33 is within the guideline range and is therefore presumptively reasonable. See id. Jokhoo does not rebut this presumption, and the record shows that the court considered the § 3553(a) factors in imposing that sentence. See, e.g., United States v. Koch, 625 F.3d 470, 480–81 (8th Cir. 2010). In addition, the 24 month sentence for Counts 23–32 is required by statute and must be served consecutively. See 18 U.S.C. § 1028A. Accordingly, we conclude that Jokhoo's sentence is substantively reasonable.

## IV.

For these reasons we affirm Jokhoo's sentence.

_____