# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1026

_____

United States of America

*Plaintiff - Appellee*

v.

Ricardo Alamilla

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2015
Filed: February 8, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

PER CURIAM.

A little more than two months after his release from prison and entry into a five-year term of supervised release following his convictions for drug and weapon charges, Ricardo Alamilla violated a mandatory term of his supervision first by possessing a deadly weapon, then by driving under the influence of alcohol. See 18 U.S.C. § 3583(d) (requiring a sentencing court to "order, as an explicit condition

of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision"). After hearing from Alamilla, his counsel, and a probation officer at Alamilla's revocation hearing, the district court[1] revoked Alamilla's supervised release and sentenced him to five years imprisonment followed by five years of supervised release.

Expressly "considering the statutory goals of sentencing," see 18 U.S.C. § 3553 (sentencing factors), and the "advisory" United States Sentencing Guidelines, the district court explained Alamilla's sentence was necessary "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence," and to address "the seriousness of [Alamilla's] refusal to abide by his terms of supervision." The district court was also concerned about the "high risk of new felonious conduct" and Alamilla's need for "drug or alcohol treatment that c[ould] best be provided in prison."

Alamilla appeals, arguing his revocation sentence "is substantively unreasonable as it is far greater than necessary to serve the sentencing purposes of 18 U.S.C. § 3553(a)." "We review the substantive reasonableness of a revocation sentence 'under a deferential abuse-of-discretion standard.'" United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008).

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Alamilla asserts "the district court appeared to consider appropriate sentencing factors," but "made a serious error in judgment in weighing them – discounting important factors while overvaluing others." In particular, Alamilla contends the district court "gave far too great of weight to [Alamilla's need for drug and alcohol treatment in prison] and misjudged that Alamilla can get help for his substance abuse issues while incarcerated." Reiterating the argument he made at the revocation hearing, Alamilla reports he "may be able to participate in the 40 hour drug treatment program offered by the Bureau of Prisons," but "does not qualify for the more intensive 500 hour [Residential Drug and Alcohol Program] because of his gun conviction."

Having carefully reviewed the record, we conclude the district court properly evaluated the relevant sentencing factors, weighed those factors and the evidence, and imposed a reasonable revocation sentence. See 18 U.S.C. §§ 3553(a), 3583(e)(3); c.f. United States v. Larison, 432 F.3d 921, 923-24 (8th Cir. 2006) (concluding the sentencing court "appropriately balanced the statutory factors and imposed a [reasonable] sentence that [wa]s within the maximum allowed by statute" where the court "expressed grave concern over [the defendant's] numerous and repeated violations of the terms of his supervised release and his demonstrated inability" to control his drug addiction "while on supervised release").

Accordingly, we affirm.

_____