# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1502

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Wilkins, also known as Face

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 9, 2017
Filed: May 2, 2017
[Unpublished]

_____

Before SMITH,[1] GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Maurice Wilkins pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

and 846. The district court[2] sentenced Wilkins to 210 months' imprisonment, which the court later shortened to 135 months pursuant to several Guidelines amendments promulgated by the United States Sentencing Commission to retroactively reduce the sentencing range for cocaine base offenders. In April 2014, Wilkins began a five-year term of supervised release. The court revoked this release in February 2016, and Wilkins appeals the new term of imprisonment as unreasonable.

Before revoking Wilkins's release, the district court modified the terms of his supervision four times. In August 2014, the court added an employment condition because of Wilkins's failure to maintain adequate employment and his failure to comply with substance-abuse testing. In December 2014, the court added four weekends in jail and remote alcohol testing because Wilkins tested positive for illegal substances. In November 2015, the court added 90 days of home confinement with electronic monitoring because of Wilkins's numerous failures to submit urine tests. In January 2016, the court added four consecutive weekends in jail, as well as open-ended participation in the Remote Alcohol Testing Program (RATP), because Wilkins engaged in domestic abuse while intoxicated. The RATP required Wilkins to carry a mobile breathalyzer for daily sobriety checks.

Within two weeks of the start of this new release condition, Wilkins failed to timely administer the RATP on three occasions. The United States Probation Office petitioned the court to revoke Wilkins's release. At the revocation hearing, Wilkins admitted to the violations but claimed his failures were accidental. The court rejected his argument:

> I have no way of knowing if [Wilkins is] drinking or not drinking because when you give a late test, the alcohol can be out of your system and it's very easy to game the probation office and try to game the Court

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

by doing that; by timing things. I wasn't exactly born yesterday. This is an extreme disappointment to me. I went way out on a limb for Mr. Wilkins last time and he cannot abide by my orders.

So after considering everything I know; the fact that he had a significant sentence reduction due to the retroactive crack amendments, his prior modifications, the difficulties he's had on supervision, the number of modifications, the services that have been provided to try to assist him, the Court finds the appropriate disposition is revocation, and it is the judgment of the Court that Maurice Wilkins'[s] supervised release is revoked.

The court calculated Wilkins's Sentencing Guidelines range as 6 to 12 months' imprisonment pursuant to U.S.S.G. § 7B1.4, and the court sentenced him to 9 months, followed by 3 years of supervised release.

Wilkins appeals his nine-month sentence as substantively unreasonable. He argues that the district court abused its discretion by improperly weighing the factors under 18 U.S.C. § 3553(a). Specifically, Wilkins contends that the court gave too much weight to his untimely alcohol testing violations and simultaneously gave too little weight to his success in achieving employment and receiving counseling. As a result, he argues that the district court imposed a sentence "greater than necessary" under the § 3553(a) factors. *See United States v. Toothman*, 543 F.3d 967, 971 (8th Cir. 2008) (quoting § 3553(a)(2)). We disagree.

"We review the substantive reasonableness of a revocation sentence under the abuse-of-discretion standard." *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). An abuse of discretion can occur when the district court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016)

(quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)). A sentence within the Guidelines range is presumptively reasonable. *Id.*

The facts of Wilkins's case undermine his assertion of unreasonableness. Wilkins appeared before the district court five times in two years because of release violations. The probation office recorded 27 violations during that period. The condition requiring Wilkins to perform regular alcohol testing was imposed after an incident of domestic abuse involving alcohol. The district court's decision to weigh Wilkins's continued violations more heavily than other mitigating factors falls "well within the wide latitude [given] to individual district court judges in weighing relevant factors." *United States v. Hoffman*, 707 F.3d 929, 937 (8th Cir. 2013) (alteration in original) (quoting *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011)). Wilkins has failed to demonstrate the unreasonableness of his within-Guidelines imprisonment term.

We therefore affirm the judgment of the district court.

_____