# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2171

_____

United States of America

*Plaintiff - Appellee*

v.

Vondale Lamar Kincaide

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 19, 2019
Filed: September 12, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Vondale Lamar Kincaide pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him to 188 months in prison. Kincaide argues that two of his previous

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

convictions are not predicate offenses under the Armed Career Criminal Act (ACCA) and that his sentence is substantively unreasonable. We affirm.

## I.

Under the ACCA, a defendant with three prior convictions for a violent felony or serious drug offense is subject to a mandatory 15-year minimum sentence. 18 U.S.C. § 924(e)(1). Kincaide's presentence investigation report concluded that the 15-year mandatory minimum sentence applied because Kincaide was previously convicted of three qualifying offenses: two under Minnesota law and one under federal law. Kincaide only challenges the use of his two Minnesota convictions: (i) first-degree controlled substance crime, Minn. Stat. § 152.021, subd. 1(1996); and (ii) fifth-degree assault, Minn. Stat. § 609.224, subd. 1(2011).

Kincaide objected to the use of these convictions before the district court, but the court rejected his arguments and applied the ACCA's sentencing enhancement provision. At sentencing, the court ruled that Kincaide's total offense level was 31 and that his criminal history placed him in Category VI.[2] The United States Sentencing Guidelines recommended a sentence between 188 and 235 months in prison. The court sentenced Kincaide to 188 months to run concurrently with a state sentence. Kincaide timely appealed.

## II.

We review *de novo* whether a prior conviction for a violent felony or serious drug offense is a predicate under the ACCA. See United States v. Jones, 574 F.3d

---

[2] As discussed below, because we conclude that the district court properly ruled that Kincaide's convictions were predicates under the ACCA, the court also properly ruled that his total offense level was 31. Thus, no procedural error occurred. United States v. Montgomery, 701 F.3d 1218, 1222 (8th Cir. 2012) ("Inappropriate application of the ACCA would constitute procedural error.").

546, 549 (8th Cir. 2009); United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006).

## A.

Kincaide argues his conviction for first-degree controlled substance offense is not a serious drug offense under the ACCA. A serious drug offense is "an offense under State law, involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Under Minnesota law, a first-degree controlled substance violation occurs when the defendant "on one or more occasions within a 90-day period . . . sells one or more mixtures of a total weight of ten grams or more containing cocaine." Minn. Stat. § 152.021, subd. 1(1) (1996) (emphasis added). "Sell" means: "(1) to sell, give away, barter, deliver, exchange, distribute or dispose of to another, or to manufacture; (2) to offer or agree to perform an act listed in clause (1); or (3) to possess with intent to perform an act listed in clause (1)." Minn. Stat. § 152.01, subd. 15a (1996). Because Minnesota law criminalizes an offer to sell, Kincaide says his conviction cannot qualify as a serious drug offense because the ACCA does not cover an offer to sell.

We have already held that an offer to sell falls within the ACCA definition of a "serious drug offense." See United States v. Bynum, 669 F.3d 880, 888 (8th Cir. 2012) ("[B]oth the actual-sale and offer-to-sell parts of the Minnesota statute are 'serious drug offenses' within the meaning of the ACCA."). Kincaide concedes this, yet asks us to reconsider Bynum. We cannot do so. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (observing that panels are bound by prior panel decisions). Under Bynum, the district court correctly concluded that Kincaide's first-degree controlled substance conviction is a predicate under the ACCA.

-3-

B.

Kincaide next argues that his Minnesota conviction for fifth-degree assault is not a violent felony under the ACCA because fifth-degree assault is overly broad. The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). In turn, "physical force" means "*violent force*—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). In Minnesota, fifth-degree assault occurs when a person either: "(1) commits an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflicts or attempts to inflict bodily harm upon another." Minn. Stat. § 609.224, subd. 1 (2011). "Bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2011).

Kincaide's second argument is also foreclosed by precedent. In United States v. Schaffer, 818 F.3d 796 (8th Cir. 2016), we held that Minnesota's domestic assault statute qualified as a violent felony under the ACCA. Id. at 798. Minnesota's domestic assault statute uses the same definition of assault as fifth-degree assault. Compare Minn. Stat. § 609.2242, subd.1(1) (2011), with Minn Stat. § 609.224, subd. 1 (2011). Schaffer, like Bynum, cannot be overturned by this panel. Mader, 654 F.3d at 800. Kincaide's fifth-degree assault conviction is therefore also a predicate under the ACCA.

III.

Kincaide also claims that his 188-month sentence is substantively unreasonable because the district court failed to consider mitigation evidence and sentencing disparities and therefore improperly weighed the factors in 18 U.S.C. § 3553(a). We

review a sentence's reasonableness under an abuse of discretion standard. <u>United States v. Miner</u>, 544 F.3d 930, 932 (8th Cir. 2008). A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." <u>Id.</u> The record need only reflect that the court actually considered the factors—a mechanical recitation of each factor is not required. <u>United States v. Diaz-Pellegaud</u>, 666 F.3d 492, 504 (8th Cir. 2012). We presume that a sentence within the Guidelines' range is reasonable. <u>Miner</u>, 544 F.3d at 932.

We find that the court properly considered the Section 3553(a) factors at sentencing. During the sentencing hearing, the district court acknowledged the difficulty in reaching its decision because of the numerous complex issues involved in the case. The court observed that Kincaide's conduct for the underlying offense was serious, calling it "just dead wrong," and observed that his past conduct was also serious. Sent. Tr. at 10. It also stated that this history required an adequate sentence to protect the public. Finally, the court decided that Kincaide's sentence should run concurrently with a separate state court sentence. In addition to stating its reasons on the record, the court also issued a written Statement of Reasons for Imposing Sentence. D. Ct. Dkt. No. 47 (May 16, 2018). In it, the court reiterated that it considered the Section 3553(a) factors. <u>Id.</u> at 2. After weighing these factors, the court sentenced Kincaide to the bottom of his Guidelines' range. On this record, we find no abuse of discretion.

IV.

The sentence is affirmed.

_____