# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3145

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice La'Von Cowan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 8, 2024
Filed: August 19, 2024
[Unpublished]

_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

After Maurice La'Von Cowan pleaded guilty to escape from custody, the district court[1] imposed a within-Guidelines sentence of 21 months of imprisonment, to run consecutively to his undischarged federal sentence, followed by 3 years of

---

[1]The Honorable Stephanie M. Rose, Chief Judge for the United States District Court for the Southern District of Iowa.

supervised release. On appeal, he challenges the substantive reasonableness of his consecutive sentence.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)), and "in light of the factors in 18 U.S.C. § 3553(a)," United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). When reviewing a district court's decision to impose a consecutive sentence, we apply that same reasonableness standard. United States v. Nelson, 982 F.3d 1141, 1146 (8th Cir. 2020). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Miner, 544 F.3d at 932 (citations omitted).

Cowan argues the district court imposed a substantively unreasonable consecutive sentence by placing "inordinate weight" on his criminal history without assigning "reasonable credit" for an assault he experienced while in custody. He asserts that because the assault was the "sole motivation" for his escape offense, and because he eventually turned himself in, his sentence should run concurrently with his undischarged term of imprisonment.

The district court did not impose a substantively unreasonable sentence. At sentencing, the court determined Cowan's advisory Guidelines range, and expressly stated that it considered all the § 3553(a) factors, the Guidelines, and the statutory penalties. See United States Sentencing Guidelines (USSG) § 5G1.3(a) (2021) ("If the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."); 18 U.S.C. § 3584. It also heard and acknowledged Cowan's arguments about the alleged assault and self-surrender. And it acted within its discretion when it gave more weight to Cowan's criminal history, the implications of his escape given that history, and the need "to

-2-

assure the community's safety," while giving less weight to the reason for Cowan's escape or his decision to turn himself in. <u>See</u> <u>United States v. Bridges</u>, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citing <u>Gall</u>, 552 U.S. at 51)); <u>United States v. Bonnell</u>, 932 F.3d 1080, 1083 (8th Cir. 2019) (per curiam) (finding no abuse of discretion when district court heard arguments, calculated Guidelines range, and considered sentencing factors before imposing consecutive sentence).

We affirm.

_____