# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3577
_____

United States of America

*Plaintiff - Appellee*

v.

Khemall Jokhoo, also known as Kenny Jokhoo, also known as Kevin Smith, also known as Kevin Day, also known as Mike Lee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 9, 2025
Filed: June 27, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

ARNOLD, Circuit Judge.

Over a decade ago, after hearing evidence that Khemall Jokhoo carried out a fraudulent debt-collection scheme, a jury convicted him of aggravated identity theft, impersonating a federal officer or employee, and bank, mail, and wire fraud. We affirmed his sentence. *United States v. Jokhoo*, 806 F.3d 1137 (8th Cir. 2015). Jokhoo

is now before us again because the district court[1] found that he committed seven violations of his supervised release within a month after his term of imprisonment ended and sent him back to prison for another year. According to Jokhoo, there was insufficient evidence to support the court's findings that he failed to work regularly, as his supervised release conditions required, and held unapproved employment with fiduciary responsibilities, which his supervised release conditions prohibited. He also maintains that his sentence is substantively unreasonable because the district court imposed it with an eye to retribution. We are satisfied that any error did not affect Jokhoo's sentence, so we affirm.

There was, in the first place, no error in the district court's finding that Jokhoo failed to work regularly. Jokhoo's employment was ephemeral in the narrow sense. He worked only a single day during the nearly monthlong period between the beginning of his supervised release and his detention for violating supervised release conditions. That was so even though Jokhoo had time to line up employment during a lengthy period of "pre-release" at a halfway house.

We are unmoved by Jokhoo's insistence that he needed time to get a new job after his lone workday ended with his termination. This is simply an excuse for Jokhoo's lack of regular work, and one that fails because Jokhoo could readily foresee that he could not keep the job he lost. The district court found, and Jokhoo does not dispute, that holding the job violated a supervised release condition prohibiting him from engaging in a profession in the debt collection industry. Since Jokhoo apparently admits that it was wrong to hold the job, he should have appreciated that his tenure could end abruptly. To overlook Jokhoo's lack of regular work because that end came would reward Jokhoo for a difficulty he brought on himself by conduct that was undisputedly improper.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We need not decide whether the district court erred in finding that Jokhoo, during his one workday, held unapproved employment with fiduciary responsibilities in violation of his supervised release conditions because any such error was harmless. The district court did not need to find the fiduciary-responsibilities violation to revoke Jokhoo's supervised release because Jokhoo committed other violations that he does not contest. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). And the court's finding did not affect Jokhoo's guidelines sentence range since all of Jokhoo's violations had the same grade: C. *See United States v. García-Cartagena*, 953 F.3d 14, 29 (1st Cir. 2020). Setting aside Jokhoo's criminal history, which is not in dispute, the range is "determined by the violation having the most serious grade," *see* USSG §§ 7B1.1(b), 7B1.4(a), and that is C by virtue of the uncontested violations if nothing else.

Nor did this finding affect the length of Jokhoo's sentence, which was a slight upward variance from the four- to ten-month guidelines sentence range. The parties did not mention Jokhoo's employment when discussing the length of his sentence at his revocation hearing, and the district court did not either. At most, the district court expressed concern about Jokhoo's "problem following the rules." But that problem was fully apparent from the six other supervised release violations that Jokhoo committed. So we are convinced that any error in finding a fiduciary-responsibilities violation "was harmless, given the evidence of other supervised release violations." *See United States v. Eagle Chasing*, 965 F.3d 647, 653 (8th Cir. 2020); *cf. United States v. Degroate*, 940 F.3d 167, 177–78 (2d Cir. 2019).

Jokhoo's objection to the district court's discussion of retribution is likewise unavailing. The district court stated that the sentence "reflects the seriousness of" Jokhoo's "offense, promotes respect for the law, and provides for just punishment for the supervised release violations." Jokhoo is right that these considerations are not among the laundry list of considerations, incorporated by reference, that the statute governing his revocation sentence explicitly instructs a sentencing court to weigh. *See*

18 U.S.C. § 3583(e). And, as the Supreme Court has interpreted that statute, at least some of them were impermissible considerations because a district court may not weigh the "need to exact retribution" for a defendant's crime of conviction when fixing a revocation sentence. *See Esteras v. United States*, 2025 WL 1716137, at *6–7 (U.S. June 20, 2025).

But Jokhoo never objected to the district court's weighing of the prohibited considerations, and, reviewing for plain error as a result, *see id.* at *10 & n.11, we conclude that Jokhoo has failed to carry his burden to show that the court's mistake affected his substantial rights. *See United States v. Dull*, 641 F. App'x 669, 671 (8th Cir. 2016) (per curiam). The district court merely acknowledged the forbidden matter of retribution. Jokhoo admits that the "primary driver" of his sentence was the district court's belief that he had a "problem following the rules." This was a separate basis for the sentence and an appropriate one; the district court was free to weigh the number of Jokhoo's supervised release violations against him for purposes other than exacting retribution. *See United States v. Growden*, 663 F.3d 982, 984–85 (8th Cir. 2011) (per curiam). We see no reasonable prospect that the district court's passing reference to retribution affected his sentence. *See Dull*, 641 F. App'x at 671.

Affirmed.

_____