# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2940
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Wooten

*Defendant - Appellant*

_____

No. 24-2941
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Wooten

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: December 15, 2025
Filed: February 12, 2026
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

On January 2, 2024, Anthony Wooten pled guilty to being a felon in possession of a firearm. At the time, he was on supervised release for prior felon in possession and escape convictions. The district court[1] revoked Wooten's supervised release and imposed concurrent 24-month revocation sentences in both cases to run consecutively to Wooten's new sentence for the 2024 felon in possession conviction. Wooten appeals, and we affirm.

## I.    BACKGROUND

In 2013, Wooten was sentenced in the Eastern District of Missouri to 46 months' imprisonment to be followed by three years of supervised release for being a felon in possession of a firearm. While on supervised release, Wooten escaped from his residential reentry center. He was eventually apprehended, pled guilty to escape, and was sentenced to a 36-month term of imprisonment to be followed by two years of supervised release.

When Wooten was released from prison in 2022, his supervision was transferred to the Western District of Missouri. On May 30, 2023, while still on supervised release, Wooten was arrested in St. Louis after fleeing a traffic stop. Police recovered in his vehicle a .40 caliber handgun loaded with 21 rounds of ammunition and a 50-round drum magazine loaded with 41 rounds of ammunition. Wooten was charged in the Eastern District of Missouri with being a felon in possession of a firearm. He pled guilty to the offense and was sentenced to a 120-month term of imprisonment to be followed by three years of supervised release.

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

-2-

Wooten admitted violating the conditions of his supervised release at a revocation hearing held in the Western District of Missouri. Wooten informed the court that the sentencing judge in the Eastern District had recommended that any revocation sentence run concurrently with his new sentence but acknowledged the recommendation was not binding on the Western District court.

In imposing the revocation sentences, the court emphasized that Wooten's actions had put both himself and the community in danger. The court then identified the need to impose a sentence that "one, respect for the law, which there hasn't been, but secondarily, it's one thing putting yourself [in danger], but it's another exposing that to the public." The court also noted that Wooten's conviction for felon in possession of a firearm was "the very same thing" that he was convicted of in 2013. Based on these considerations, the district court imposed concurrent revocation sentences of 24 months' imprisonment to run consecutively to the 120-month sentence for Wooten's new felon in possession conviction.

## II. DISCUSSION

Wooten contends the revocation sentences are substantively unreasonable for two reasons: (1) the district court imposed impermissibly punitive sentences that primarily sanctioned his new criminal offense rather than his failure to abide by the terms of his supervised release; and (2) the district court based its sentences on the need "to promote respect for the law," which, under Esteras v. United States, 606 U.S. 185 (2025), is not a permissible sentencing factor in revocation proceedings.

### A. Punitive Nature of Sentence

"We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021).

When a district court revokes a defendant's supervised release and imposes a revocation sentence, the revocation sentence is part of the penalty for the initial offense and does not punish the new offense that led to the revocation. United States v. Watters, 947 F.3d 493, 496 (8th Cir. 2020). "Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense." Johnson v. United States, 529 U.S. 694, 700 (2000). To avoid double jeopardy, the revocation sentence should sanction only the defendant's breach of trust arising from the failure to follow court-ordered conditions. United States v. Wilson, 939 F.3d 929, 931-32 (8th Cir. 2019).

The district court's revocation sentences did not impermissibly punish Wooten's new criminal conduct. The court explained that its sentences were informed by Wooten's ongoing criminal conduct. The court noted that not only did Wooten escape while on supervision, but he then committed the same offense that put him in prison in the first instance. The court found Wooten's inability to abide by the rules combined with the danger Wooten posed to the public warranted a sentence longer than that requested by Wooten. These are permissible considerations for the district court to weigh when imposing a revocation sentence. See United States v. Starr, 111 F.4th 877, 880 (8th Cir. 2024) (affirming revocation sentenced based on the defendant's "continued inability to adhere to the terms of her supervised release, and the danger in which she had placed" others).

The district court also acted within its discretion when it ordered the revocation sentences to run consecutively to his new felon in possession sentence. A district court has the discretionary authority to impose consecutive sentences after revoking supervised release. United States v. Valure, 835 F.3d 789, 790-91 (8th Cir. 2016). In addition, the United States Sentencing Commission Guidelines Manual expressly authorizes consecutive sentences when a revocation sentence is imposed for the same criminal conduct leading to an additional sentence of imprisonment. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation shall be ordered to be served consecutively to any sentence of

imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation."). Wooten's revocation sentences are not substantively unreasonable.

## B.    Revocation Sentencing Considerations

Wooten contends it was inappropriate for the district court to consider the need to promote respect for the law. When determining the length of a revocation sentence, the district court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). But courts are prohibited from considering § 3553(a)(2)(A)—the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Esteras, 606 U.S. at 204.

At the revocation hearing, the district court stated, "I've got to make sure I impose a sentence that I believe, one, respect for the law, which there hasn't been, but secondarily, it's one thing putting yourself [in danger], but it's another exposing that to the public." Wooten argues this statement improperly considered a prohibited sentencing factor in § 3553(a)(2)(A). Because Wooten did not object to the district court's statement, we review his claim for plain error. United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010). "Plain error requires an error, that was clear or obvious, affected substantial rights, and seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Smith, 146 F.4th 615, 618 (8th Cir. 2025) (internal quotations omitted).

This Court recently rejected a similar argument on plain error review in United States v. Jokhoo, 141 F.4th 967 (8th Cir. 2025). There, the district court imposed a revocation sentence that "reflect[ed] the seriousness of Jokhoo's offense, promote[d] respect for the law, and provide[d] for just punishment for the supervised release violations." Id. at 970 (internal quotations omitted). The Court concluded there was no plain error because Jokhoo admitted that "the 'primary driver' of his sentence

-5-

was the district court's belief that he had a 'problem following the rules.'" Id. Because this was a separate and permissible basis for the sentence, the Court found Jokhoo could not carry his burden of showing the court's statement about retribution affected his substantial rights. Id.

Similarly, the district court here referenced the need to promote respect for the law while also identifying permissible revocation sentencing considerations. The record shows that the court's foremost concern was Wooten's ongoing inability to follow the rules and emphasized how the nature of his supervised release violations created a danger to the public. The court expressly identified its obligation to consider the supervised release violations and impose a sentence that, in its determination, was sufficient but not greater than necessary to meet its obligation under the statute. After carefully reviewing the record, we find Wooten has not carried his burden of showing the district court's single reference to the need to promote respect for the law affected his substantial rights, given that the district court repeatedly noted Wooten's ongoing inability to follow the rules and highlighted the danger his supervised release violations posed to the public.

District courts should take care to avoid any mention of the prohibited considerations in § 3553(a)(2)(A) when imposing revocation sentences. Here, because the district court's explanation for the sentences shows they were guided by permissible sentencing factors, the court did not plainly err when it imposed concurrent 24-month terms of imprisonment.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

_____