# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1488

_____

United States of America,

          Appellee,

v.

Gary Dean Growden,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [PUBLISHED]
\*

_____

Submitted: October 20, 2011
Filed: December 15, 2011

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After serving twenty-seven months' imprisonment for wire fraud offenses in violation of 18 U.S.C. § 1343, Gary Dean Growden commenced a three-year term of supervised release. Shortly thereafter, Growden admitted to violating a supervised release condition. The district court[1] sentenced Growden to a new three-year term of supervised release and clarified the special conditions it had imposed. A few months later, Growden again admitted to a similar violation. Upon Growden's second guilty plea, the district court revoked Growden's supervised release and sentenced him to

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

the statutory maximum twenty-four months' imprisonment, a variance above the guideline-recommended sentence of three to nine months. Growden appeals the sentence, arguing it is substantively unreasonable. We affirm.

Growden pleaded guilty to two counts of wire fraud on December 18, 2006, in the United States District Court for the District of Minnesota. He admitted to soliciting a total of nearly $400,000 from individual investors, and instead of investing the money as promised, personally using the funds. For this crime, the district court sentenced Growden to twenty-seven months' imprisonment, followed by three years of supervised release. Among the special conditions the district court imposed during Growden's first supervised release was a provision stating: "The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation office."

Growden began his supervised release in June 2009. In May 2010, Growden's probation officer petitioned the district court to revoke his supervised release, asserting Growden had violated his conditions of release. At the supervised release revocation hearing in June 2010, Growden admitted to maintaining a website supporting Couthers, Inc.—the same company Growden used to defraud investors in relation to his underlying fraud charges—without his probation officer's approval. Rather than revoking Growden's supervised release at that time, the district court instead clarified the terms of Growden's supervised release as it related to "fiduciary responsibilities," and explicitly warned Growden to avoid all types of business related to the financial services industry and third party investment activity.

In February 2011, Growden's probation officer again filed a revocation petition, and the district court held a second supervised release revocation hearing. The petition alleged Growden was actively soliciting funds to purchase a winery in Italy, had entered into a partnership with an investment company in Texas, and had been "pursuing the funding and sale of invention patents without the prior approval"

-2-

of his probation officer. Growden admitted all violations. The court specifically found Growden had violated the terms and conditions of his release "by attempting to arrange and finance a purchase of an Italian winery, including attempting to secure investors to participate in the deal; attempting to secure investors to commercialize his inventions; and lying to the probation officer about and disobeying her instructions about attempts to commercialize his investments."

The district court correctly calculated the suggested guideline imprisonment range of three to nine months, with a supervised release term of up to three years upon revocation of Growden's supervised release. The court varied upwards from this guideline range, and sentenced Growden to the statutory maximum of 24 months' imprisonment, followed by one year of supervised release. See 18 U.S.C. § 3583(e). Growden timely appealed, contending the district court abused its discretion by imposing a substantively unreasonable sentence, which is greater than necessary to achieve the purposes of sentencing. See 18 U.S.C. § 3553(a). Specifically, Growden asserts the district court unreasonably varied upwards in light of the fact Growden is a first-time offender; he had not engaged in any new criminal conduct while on supervised release; his failure to comply with the conditions of supervised release was a factor already contemplated by the guidelines; and the emails that formed the basis of the violation were sent to Growden' s family and friends, and did not amount to serious attempts to obtain financing for his ventures. We disagree.

"We review a district court's sentence on revocation of supervised release for . . . substantive reasonableness under 'the same reasonableness standard that applies to initial sentencing proceedings.'" United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010) (quoting United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)). Accordingly, we review the substantive reasonableness of Growden's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Thunder, 553 F.3d 605, 607 (8th Cir.

2009). "'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)).

While Growden's sentence is greater than the advisory guidelines range, we conclude the district court did not abuse its discretion, and the sentence is not substantively unreasonable. The district court gave appropriate consideration to the 18 U.S.C. § 3553(a) factors, sufficiently explained its reasoning for the variance, and imposed a sentence within the statutory limits. See Benton, 627 F.3d at 1055-56. The court voiced well-founded concerns during the second revocation hearing over the number and seriousness of Growden's violations, his lack of remorse and refusal to take responsibility for his crimes or supervised release violations, his general disrespect for the law, and his "incredibl[y] dishonest" character as evidenced by Growden's repeated lies to court officers and third parties. Furthermore, the court desired to "prevent the public from being swindled by him." Therefore, we conclude the court acted well within its broad discretion in selecting a term of 24 months' imprisonment, followed by one year of supervised release.

Accordingly, we affirm the judgment and sentence of the district court.

_____