# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2151

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Calvin Ray Washington, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: May 2, 2012

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Calvin Ray Washington violated the terms of his supervised release and was sentenced to twenty-one months' imprisonment, with no supervised release to follow. He appeals, arguing that the district court[1] imposed an unreasonable sentence. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.

In July 2009, Washington pleaded guilty to possession of stolen mail, in violation of 18 U.S.C. § 1708. He was sentenced to fourteen months' imprisonment, followed by three years' supervised release. Washington was released from custody on January 27, 2010, and began his term of supervision.[2] The mandatory conditions of his release included that "[t]he defendant shall not commit another federal, state, or local crime." Designated R. 8 (terms of supervised release). As a special condition of supervision, Washington was also required to report for urinalysis testing.

On July 26, 2010, probation officer Joi Kvern petitioned the district court to revoke Washington's supervised release, asserting that Washington had been arrested in Minneapolis, Minnesota, for the offense of burglary of a business. Kvern later filed two amended petitions: the first stated that Washington had failed to report for urinalysis testing appointments, and the second alleged that Washington had been arrested in St. Paul, Minnesota, for possession of theft tools.[2] The district court held a final revocation hearing on May 12, 2011. Washington admitted that he failed to report for urinalysis testing, but denied that he committed burglary of a business.

At the final revocation hearing, Kvern testified regarding her supervision of Washington, the petitions she had filed, and certain special conditions of Washington's release, including cognitive behavioral training and mental health treatment. Minneapolis police officer Adam Chard testified regarding Washington's arrest for burglary of a business. On July 14, 2010, Chard responded to a dispatch

[2]Washington pleaded guilty in the District of South Dakota. Following his release, supervision was transferred to the District of Minnesota.

[2]Because of the recency of the arrest for possession of theft tools, the government did not offer evidence regarding that offense to prove a supervised release violation.

notification of an alarm sounding at a business on Hennepin Avenue. As Chard approached the business in his patrol car, he saw two men attempting to shove a large safe into the front passenger seat of a Toyota Camry. Chard stopped his vehicle, exited, drew his gun, and ordered the two men to the ground. Washington complied. Despite the heat of the July evening, Washington was wearing black gloves, a black sweatsuit, and black shoes. Scuff marks led from the business's back door, across the alley, to the Camry, where a large safe was partially loaded into the car. Chard found tools and additional black clothing when he searched the car.

The district court found that Washington had committed a state crime and that the government had met its burden of proof that Washington violated a mandatory condition of supervised release. Before imposing Washington's sentence, the district court stated:

> [T]he Court does consider the policy statements in Chapter 7 of the sentencing guidelines regarding violations of conditions of supervision and the petition and the files in the matter, and pursuant to Guideline Section 7B1.4(a) the Court has determined that . . . [t]he grade of violation is an A with a criminal history category of III might lead to a term of imprisonment of 18 to 24 months.

Hr'g. Tr. 48. Defense counsel argued that a sentence of eighteen to twenty-four months' imprisonment was excessive, given that Washington had complied with most of the requirements of his release. Recognizing that "the important part here is new criminal behavior[,]" defense counsel explained that Washington "came to be at this place by accident essentially" and that Washington was being paid to help an acquaintance move. Id. at 49. Although defense counsel found Washington's recount of the facts "a bit too convenient," he stated that Washington was "adamant in the truth of his—what's happened here." Id. at 50. Defense counsel requested that Washington be sentenced to nine to twelve months' imprisonment, with no supervision to follow.

-3-

In response to the district court's inquiry whether Washington would like to speak, Washington stated that he was trying to be a law abiding citizen, to better his social skills, and to learn how to deal with people. He spoke regarding his supervision and explained that he thought he "did what [he] needed to do to stay in society." Id. at 54.

The district court then sentenced Washington to twenty-one months' imprisonment, stating that it had "considered the nature and circumstances of the defendant's offense and his history and characteristics and finds that the sentence imposed reflects the seriousness of the offense, does promote respect for the law, and provides just punishment for the supervised release violation." Id. at 59.

II.

"We review a district court's sentence on revocation of supervised release for . . . substantive reasonableness under the same reasonableness standard that applies to initial sentencing proceedings." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (quotations and citations omitted). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), and we presume that a sentence imposed within the advisory guideline range is substantively reasonable, United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Growden, 663 F.3d at 984 (quotations and citations omitted).

Washington argues that his sentence is unreasonable because it is longer than necessary to accomplish the goals of sentencing. Specifically, he argues that "the

district court gave insufficient weight to the particular difficulties engendered by his efforts to reintegrate himself into society" and argues that the court failed to "meaningfully weigh Mr. Washington's consistent and persistent efforts to comply with all of the conditions of his release." Appellant's Br. 10. The district court, however, has substantial discretion in determining how to weigh the relevant factors listed in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3) (listing the § 3553(a) factors to consider when revoking a term of supervised release). As set forth above, the district court heard probation officer Kvern's testimony regarding certain special conditions of Washington's supervised release, as well as defense counsel's argument that Washington had substantially complied with the conditions of his release. It also heard Washington's explanation of his efforts to reintegrate into society. The district court was thus cognizant of Washington's efforts to meet his obligations.

Washington further contends that the district court did not adequately address its reasons for imposing the sentence. "But whether the court adequately explained the sentence is a matter of procedural soundness, not substantive reasonableness, and in any event, 'not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge.'" United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012) (quoting United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008)). We are satisfied that the record adequately supports the court's guidelines-range sentence. See Gray, 533 F.3d at 944 ("Where a sentencing judge imposes a sentence within the advisory guideline range, '[c]ircumstances may well make clear' that the judge believed the case was typical, and 'rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" (quoting Rita v. United States, 551 U.S. 338, 357 (2007)).

## III.

The sentence is affirmed.

_____