# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1158
_____

United States of America

*Plaintiff - Appellee*

v.

Frank Young

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 8, 2016
Filed: March 28, 2016
[Unpublished]

_____

Before SMITH, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Frank Young to a 24-month term of imprisonment after revoking Young's second term of supervised release. On appeal, Young

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

contends that the district court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

On March 22, 2006, Young pleaded guilty to Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The district court sentenced Young to a 91-month term of imprisonment and a 4-year term of supervised release. On October 1, 2012, Young pleaded guilty to Escape From Custody, in violation of 18 U.S.C. § 751, for unlawfully leaving a community corrections center. The same court sentenced Young to a 153-day term of imprisonment and a 2-year term of supervised release. The court ordered the term of imprisonment for Young's 2012 escape offense to run consecutively to the term of imprisonment imposed for his 2006 drug offense.

On June 18, 2013, Young was released from custody and began his first term of supervised release. On July 31, 2013, the court found Young in violation of the conditions of his supervised release, revoked Young's supervised release, and sentenced him to 11 months in prison with 18 months of supervised release to follow. On June 6, 2014, Young was released from custody and began his second term of supervised release. On January 7, 2015, the court found Young in violation of the conditions of his supervised release because he: failed to comply with residential reentry center rules; used alcohol; failed to truthfully answer inquiries from and follow the instructions of his probation officer; committed new law violations; and failed to participate in the Batterer's Education Program. The court revoked Young's supervised release for his escape and drug offenses and sentenced him to a 24-month term of imprisonment with no term of supervised release.

On appeal, Young concedes that the applicable Guidelines range was 7 to 13 months' imprisonment for the drug offense and 5 to 11 months' imprisonment for the escape offense. He challenges, however, the substantive reasonableness of his

revocation sentence.[2]   He claims that the district court abused its discretion by imposing a term of imprisonment of 24 months, a sentence above the Guidelines range.  We disagree.

"We review the substantive reasonableness of a district court's sentence on revocation of supervised release under 'the same reasonableness standard that applies to initial sentencing proceedings.'" United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (quoting United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011)).  For that reason, we review the substantive reasonableness of Young's sentence under a deferential abuse-of-discretion standard.  Growden, 663 F.3d at 984.  "A sentence is substantively unreasonable 'if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'"  Boelter, 806 F.3d at 1136 (quoting United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010)).  "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Id. (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)).

Although Young received a sentence greater than the advisory Guidelines range, we conclude the district court did not abuse its discretion and Young's sentence was not substantively unreasonable.  See Growden, 663 F.3d at 984–85 (finding an above-Guidelines-range sentence of twenty-four months' imprisonment imposed after the court revoked the defendant's supervised release was not substantively unreasonable).  The district court considered and appropriately weighed the relevant factors under § 3553(a), including Young's criminal history and most recent law violations.  See 18 U.S.C. § 3553(a)(1).  The court also voiced its concerns about

_____

[2] To the extent Young raises the argument that the district court committed a procedural error, we find no such error.

Young's "anger management" problem; his poor decision making; his pattern of lying; and his inappropriate conduct toward Marshals, his Probation Officer, and others. See id. The court discussed Young's inability to abide by the conditions of supervised release, which reflected "the need for the sentence imposed to protect the public from further crimes of the defendant." Id. at § 3553(a)(2)(C). The court referenced the advisory Guideline provisions and adopted the violation worksheet. See id. at § 3553(a)(3)–(4). Lastly, the district court emphasized its concerns regarding Young's repeated violations of the conditions of his supervised release in determining the sentence. See United States v. Thunder, 553 F.3d 605, 609 (8th Cir. 2009) (finding the district court's sentence, which was greater than the advisory Guidelines range, was substantively reasonable given that the defendant "repeatedly violated the conditions of his supervised release"). For the above reasons, we conclude the district court acted within its broad discretion by imposing a term of 24 months' imprisonment. See Growden, 663 F.3d at 984.

We affirm the judgment of the district court.

_____