# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1920

———————————————

United States of America

*Plaintiff - Appellee*

v.

Douglas Scott Reeves

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: February 29, 2016
Filed: June 3, 2016
[Unpublished]

——————————

Before SMITH, BENTON, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Douglas Scott Reeves appeals his 18-month revocation sentence, arguing that it is substantively unreasonable. We affirm.

## I. *Background*

Reeves pleaded guilty to possession of equipment, chemicals, products, and materials to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2). On February 14, 2013, the district court[1] sentenced Reeves to time served and three years of supervised release.

On July 22, 2013, the government petitioned to revoke Reeves's supervised release based on his (1) multiple positive drug tests for methamphetamine, (2) failure to contact the United States Probation Office, (3) failure to report for drug testing, (4) failure to verify attendance at weekly Narcotics Anonymous meetings, (5) failure to pay special penalty assessments, (6) failure to attend substance abuse group counseling, and (7) discharge from the Freedom House. On September 4, 2013, the district court dismissed the government's petition without prejudice and modified the supervised-release conditions to require Reeves to serve eight months in a residential reentry center, participate in a substance abuse treatment program, abstain from alcohol during the course of any treatment, and attend Narcotics Anonymous meetings at least twice weekly. All other conditions of supervised release that the district court had previously imposed remained in effect. On October 3, 2013, Reeves was placed in the City of Faith per court order.

On November 1, 2013, the government again petitioned to revoke Reeves's supervised release based on his (1) multiple positive drug tests for methamphetamine; (2) denial, under oath, of using illegal substances; and (3) discharge from the City of Faith for testing positive for alcohol. After a revocation hearing, the district court found that, based upon Reeves's admissions and witness testimony, Reeves violated his supervised-release conditions. The district court sentenced Reeves to a term of imprisonment of 12 months and 1 day. The district court also imposed a one-year term

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

of supervised release and ordered that Reeves "follow all standard conditions of supervised release" and that "[a]ll other conditions of supervised release previously imposed remain in full force and effect."

Reeves began his one-year term of supervised release on November 19, 2014. In April 2015, the government filed an amended petition to revoke Reeves's supervised release, alleging that Reeves (1) admitted to using methamphetamine in December 2014 and adulterating a urine specimen, (2) signed an admission form stating that he had used methamphetamine in February 2015, (3) tested positive for methamphetamine three times in March 2015, and (4) failed to report for a scheduled drug test in March 2015.

At the revocation hearing, Reeves admitted the allegations in the amended petition. The district court found that Reeves committed a Grade C violation and that the applicable Guidelines range was 7 to 13 months' imprisonment. The district court noted that revocation is mandatory for refusing to comply with drug testing and for testing positive more than three times in the course of one year. Reeves requested inpatient drug treatment, maintaining that he had not been provided the opportunity for such treatment in the past. Reeves also informed the court that his father, who was living with him, was dealing drugs and had drugs in the home. Reeves stated that his two children lived with him and that he had secured employment pending the outcome of the hearing.

In response, the government argued that Reeves was afforded the opportunity to go into drug treatment at the City of Faith for eight months when his supervised-release conditions were modified upon his initial release from prison but that he was discharged for failure to comply with the program. The government also cited the prior revocation of Reeves's supervised release in November 2013. The government requested a sentence of two years' imprisonment with no supervised release to follow.

The district court revoked Reeves's supervised release. The court sentenced Reeves to 18 months' imprisonment, which was "more than the guidelines, but less than the statutory maximum." The court imposed this sentence based on Reeves's multiple drug tests and the court's attempt to work with Reeves "without success for a long time." The court also found that Reeves had not taken advantage of the opportunities for self-help treatment and outpatient drug treatment specified in the supervised-release conditions and did not request inpatient treatment until the revocation hearing. The court emphasized Reeves's "numerous problems complying with [his] supervised release." As a result, it found "that an 18-month sentence is a fair sentence" pursuant to 18 U.S.C. § 3553(a). The court declined to impose supervised release following imprisonment because of Reeves's inability to comport his behavior with supervised-release conditions.

## II. *Discussion*

On appeal, Reeves argues that his 18-month revocation sentence is substantively unreasonable. He argues that the district court disregarded the § 3553(a) factors when imposing his sentence.

We apply the same substantive reasonableness standard to a district court's sentence on revocation of supervised release as we apply to initial sentencing proceedings. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam). As a result, "we review the substantive reasonableness of [Reeves's] sentence under a deferential abuse-of-discretion standard." *Id.* (citations omitted). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (quotations and citations omitted).

Although Reeves's 18-month revocation "sentence is greater than the advisory guidelines range, we [nonetheless] conclude [that] the district court did not abuse its

discretion, and the sentence is not substantively unreasonable." *See id*. Based on our review of the record, we conclude that "[t]he district court gave appropriate consideration to the 18 U.S.C. § 3553(a) factors, sufficiently explained its reasoning for the variance, and imposed a sentence within the statutory limits." *See id*. (citation omitted). Specifically, during Reeves's *second* revocation hearing, the court cited Reeves's multiple positive drug tests, Reeves's failure to take advantage of treatment opportunities specified in his supervised-release conditions, the court's prior attempts to work with Reeves without success, and Reeves's numerous problems complying with his supervised-release conditions. *See id.* at 985. The district "court acted well within its broad discretion in" sentencing Reeves to 18-months' imprisonment. *See id*.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____