# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1365

_____

United States of America

*Plaintiff - Appellee*

v.

Carl Deon Shinn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 6, 2017
Filed: November 9, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Carl Shinn directly appeals the sentence the district court[1] imposed upon revoking his supervised release.  His counsel has moved for leave to withdraw and

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

has filed a brief challenging the substantive reasonableness of Shinn's above-guidelines prison term. Shinn has filed a *pro se* brief challenging the revocation decision and his revocation sentence, and arguing that he received ineffective assistance of counsel.

Upon careful review, we conclude that the revocation of Shinn's supervised release was proper. *See* 18 U.S.C. § 3583(e)(3) (stating that the court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release); *United States v. Miller*, 557 F.3d 910, 913-14 (8th Cir. 2009) (reviewing for clear error factual findings related to a supervised-release revocation). We further conclude that the revocation sentence is not substantively unreasonable, as it is within the statutory limits, and the court appropriately considered relevant factors. *See* 18 U.S.C. § 3583(e) (identifying the 18 U.S.C. § 3553(a) factors that the court must consider before revoking a term of supervised release and imposing a sentence); *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (reviewing the substantive reasonableness of a revocation sentence for an abuse of discretion). As for Shinn's ineffective-assistance arguments, we decline to consider them on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (noting that ineffective-assistance claims are more properly reviewed in collateral proceedings). Counsel's motion for leave to withdraw is granted, and the judgment is affirmed.

_____