# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3594

_____

United States of America

*Plaintiff - Appellee*

v.

Willie Earl Horsley, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: October 15, 2018
Filed: January 2, 2019
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Willie E. Horsley, Sr. pled guilty to unlawfully possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1]

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

varied downward, sentencing him to five years of probation. About a year later, Horsley tested positive for methamphetamine. The court revoked his probation. It sentenced him to nine months' imprisonment and 24 months of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Horsley argues the district court erred in finding he used meth in violation of his probation. This court reviews factual findings on probation violations for clear error. *United States v. Cotton*, 861 F.3d 1275, 1277 (8th Cir. 2017). "Clear error exists where, viewing the record as a whole," this court is "left with the definite and firm conviction that a mistake has been committed." *Id.* The government must prove a parole violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

Finding a parole violation, the district court considered the urinalysis report from the national laboratory showing, with 98% certainty, that Horsley's urine contained illegal meth. It also considered testimony from Horsley's probation officer explaining the results. Horsley testified the results were a false positive caused by legal medication or contamination. The court found his testimony not credible. It said:

> This is not the level of street drug that you could accidentally ingest. You don't test positive for drugs by touching somebody who has used drugs or the seat in the bathroom or any of that. This guy used drugs, and he's lying to me, and that's of concern. And it's of concern for two reasons. First, it's perjury, giving a false statement in court to a judge for the purpose of avoiding the consequences. He didn't accidentally make the statements. He absolutely lied to my face in my courtroom.
>
> It's also very serious because when somebody uses drugs and they don't fess up, then Probation doesn't know what to do with them. Because if

somebody isn't being truthful about what their stresses are, what their situation is, then we can't plug them into the type of service that they need.

And, thirdly, it's just disrespectful, to lie to your probation officer about drug use, especially when it's somebody like Officer Moser, who works so hard to make sure that the people that she supervises do well. So it's—it's very disappointing, especially since I gave him a probationary sentence, which I never do—well, I rarely do.

A district court's "credibility findings are well-nigh unreviewable, so long as the findings are not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence in the case." *United States v. Jones*, 254 F.3d 692, 695 (8th Cir. 2001). The district court did not clearly err in finding, by a preponderance of the evidence, that Horsley used meth.

II.

Horsley contends the district court abused its discretion in revoking his probation. This court reviews the revocation of probation for abuse of discretion. *United States v. Meyer*, 483 F.3d 865, 868 (8th Cir. 2007). "Revocation of probation requires only enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." *Id.* Determining whether to revoke probation, a district court must consider the § 3553(a) factors, but need not discuss every factor. *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) ("A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors.").

Horsley believes the district court abused its discretion because it did not follow the probation officer's recommendation (modification rather than revocation

of probation) and did not "fully and carefully" consider the § 3553(a) factors. Revoking his probation, the court said:

> In terms of disposition, Mr. Horsley is not entitled to lenient treatment. I gave him lenient treatment. The guideline minimum was 12 months when I sentenced he and his wife in 2016. I gave him a tremendous break, especially in view of the very, very serious nature of the criminal conduct that was involved. He was a marijuana user, but people don't—they try not to use marijuana on supervision because it stays in the system so long, sometimes as long as 30 days depending on the—how much is used. And so a different drug usually is better for them. I can't explain why Mr. Horsley chose to use street meth. That's beyond my crystal ball, but he did. And he's not telling me the truth. And there was nothing in any of these medications that would cause somebody to test positive for street methamphetamine, which he did. And if he got a little on his fingers and licked his fingers, you don't get these kind of readings as in Government Exhibit 1 from a casual encounter with a little bit of methamphetamine. Sorry, scientifically, you are proven to not be telling the truth to me.
>
> So when somebody does this and I've given them a significant break, it's a huge disappointment to me, but it's something that this individual decided to do for whatever reason. Maybe the hours are too long, maybe the stresses are too much. I don't know. A lot of people use methamphetamine one time. It's not unusual to test positive, negative, positive, negative, all different varieties. You don't necessarily use one time and become addicted such that you would continue to test positive.
>
> So long story short, after considering the 3553(a) factors of Title 18 that apply in a revocation, the Court finds that the appropriate disposition is to send Mr. Horsley to prison for 9 months, followed by 24 months on supervised release. The reason that I have gone to 9 months is the lenient treatment that I gave him initially, putting him on probation, and then the fact that he came into this Court, took an oath to testify truthfully, and he lied to me. He committed perjury, which is a federal crime.

The court considered the evidence and the § 3553(a) factors and did not abuse its discretion in revoking his probation.

## III.

Horsley maintains his top-of-the-guidelines sentence is substantively unreasonable. Revocation sentences are reviewed under "the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011). This court reviews the "substantive reasonableness" of the sentence "under a deferential abuse-of-discretion standard." *Id.*, *citing Gall v. United States*, 552 U.S. 38, 51 (2007). "Where, as here, a sentence imposed is within the advisory guideline range," this court "typically accord[s] it a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

As the court noted, it considered the § 3553(a) factors. "[T]he court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009). Horsley's disagreement with the court's weighing of the factors does not constitute an abuse of discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____