# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3416
_____

United States of America

*Plaintiff - Appellee*

v.

Obiomachuckuka Njokanma

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 12, 2018
Filed: January 28, 2019
[Unpublished]
_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Obiomachuckuka Njokanma was convicted of three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The United States District Court for the Central District of California sentenced her to 48 months' imprisonment and 36 months' supervised release. After prison, her supervision transferred to Nebraska. She then

violated the conditions of release.  The district court[1] sentenced her to the statutory maximum of 24 months' imprisonment.  She appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Njokanma believes her above-guidelines sentence is substantively unreasonable because the district court failed to consider her mental health, substance abuse, remorse, acceptance of responsibility, and grief over the recent murder of her sister. This court reviews revocation sentences under the same "deferential abuse-of-discretion standard" that "applies to initial sentencing proceedings." *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011), *citing Gall v. United States*, 552 U.S. 38, 51 (2007).  "A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  *United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (alterations in original) (internal quotation marks omitted).  "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Njokanma admitted violating a condition of release by failing to report to the U.S. Probation and Pretrial Services Office.  She explained the failure, stating she left the state to attend the sentencing of the man who murdered her sister.  The court asked why she did not report to her probation officer after the trip:

THE COURT:  Okay. Why didn't you just come directly back?

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

THE DEFENDANT: Because I was running out of gas money, and I had to pick up day labor.

THE COURT: So who were you living with?

THE DEFENDANT: Myself.

THE COURT: So you rented a place?

THE DEFENDANT: Yes, I did, because the motel—the motels was expensive, and I wanted to have enough for gas and food when I had to stop to get—to turn myself in.

THE COURT: How long were you in Las Vegas?

THE DEFENDANT: I think a month or a little...

THE COURT: You couldn't earn enough in a month to pay the gas to get back?

THE DEFENDANT: It—you—when day labor—when I did day labor—

THE COURT: Yes, ma'am.

THE DEFENDANT: —I had to—they have a lot of people there.

THE COURT: Right.

THE DEFENDANT: And sometimes I did not get a job. So . . .

THE COURT: Okay. But are you telling me you didn't earn enough in a month to pay for the gas to come back to Nebraska?

THE DEFENDANT: At that time, no, I didn't.

The district court considered this testimony, recognizing that failure to report for supervision is "associated with a high risk of new felonious conduct."  It also considered "all of the statutory goals of sentencing," specifically the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, [and] to protect the public against further offenses of the offender."  The district court did not abuse its discretion in imposing the statutory maximum for the admitted supervised release violation.

* * * * * * *

The judgment is affirmed.

_____