# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1975
_____

United States of America

*Plaintiff - Appellee*

v.

Travis Lynn Murdock

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: April 15, 2019
Filed: June 10, 2019
[Unpublished]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Travis Lynn Murdock violated the conditions of his supervised release, the district court[1] revoked his supervision and sentenced him to twenty-four months'

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, now retired.

imprisonment and five years of supervised release. Murdock appeals, arguing that his sentence is substantively unreasonable. Although Murdock's below-described repeated failure to comply with his conditions of supervised release would well justify a summary affirmance, we elect to recount them in some detail as a fuller explanation of our decision to affirm the district court's ruling in this case.

Murdock pleaded guilty in May 2010 to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court varied downward from the thirty-to thirty-seven-month range of imprisonment advised by the U.S. Sentencing Guidelines (Guidelines) and sentenced Murdock to time served (plus additional time necessary to have him placed in a residential reentry center) and five years of supervised release. He was released from prison in September 2010.

Murdock's supervised release was revoked in October 2011, following his untruthfulness, his possession of a dangerous weapon, his association with a convicted felon, and his use of a controlled substance. The district court sentenced him to twelve months' imprisonment and five years of supervised release. Murdock was released from prison in September 2012. His supervised release was revoked again in December 2012, after he used a controlled substance, possessed drug paraphernalia and pornography, used electronic equipment to view or store pornography, failed to participate in drug testing, failed to follow the directives of the U.S. Probation Office, and failed to maintain employment. Murdock was released from prison in August 2014, and his term of supervised release was revoked for a third time in March 2015, after he was untruthful, possessed pornography, used electronic equipment to produce and view pornography, failed to comply with the rules of the residential reentry center, and failed to comply with electronic monitoring. He was sentenced to twenty-four months' imprisonment and five years of supervised release.

After Murdock was released from prison in November 2016, he repeatedly violated the conditions of his supervised release by using marijuana. He also traveled

without permission, failed to notify the probation office that he had been stopped by law enforcement, failed to participate in drug testing, and failed to complete community service work. In response to these violations, the district court several times modified the conditions of Murdock's supervision: in October 2017 ordering Murdock to spend two weekends in jail, in November 2017 ordering him to spend an additional two weekends in jail, in December 2017 ordering him to complete twenty hours of community service, and in February 2018 ordering him to complete an additional forty hours of community service.

The probation office moved to revoke Murdock's supervised release in April 2018, citing his false statements to the probation office, his association with an individual engaged in criminal activity, and the above set forth violations that had resulted in modifications of his supervised-release conditions. Murdock admitted to the violations, which were classified as Grade C and thus had a statutory maximum term of imprisonment of twenty-four months. See 18 U.S.C. § 3583(e)(3). Based on his criminal history category of VI, the sentencing range under Guidelines § 7B1.4 was eight to fourteen months' imprisonment.

Murdock asked the court for a continuance to seek a mental health evaluation, so that he could seek treatment and prove himself to the court. He blamed his marijuana use on feeling depressed, anxious, isolated, and overwhelmed. He blamed some of his positive drug tests on the inaccuracies of sweat-patch drug testing. He told the court that he needed professional counseling and possibly medication.

> [P]rison ain't the spot for me to get that kind of help. . . . [I]t's just going to make my mentality even worse going in there than what it is now. What's it going to do in there? There's a free range of drugs in there for me to do if I wanted to.

In response, the government argued that Murdock had undergone substance abuse treatment six times and that his counselor had advised that Murdock "has the

knowledge and skills to remain substance free in the community. . . . [H]e knows what to do. He just chose not to."

We find no abuse of discretion in the district court's decision to vary upward to a twenty-four-month term of imprisonment. Gall v. United States, 552 U.S. 38, 51 (2007) (reviewing initial sentence for abuse of discretion); United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (reviewing revocation sentence for abuse of discretion). The district court recognized that Murdock likely was depressed, but told him that "you can't wait [until] the day your [supervised release] is supposed to be revoked and come in and make that request" for treatment. The court remarked that the probation office would have assisted Murdock in securing treatment for his depression—just as it had done for his drug addiction—but that Murdock never asked for such assistance. The district court explained that it had imposed incremental punishment in an attempt to motivate him to comply with the conditions of his release, but that Murdock had made "very little progress" toward completing his term of supervision. In deciding to impose the statutory maximum sentence allowed, the court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), "primarily the history and characteristics of Mr. Murdock basically the entire time he's been on supervised release, the number of violations, the dishonesty involved in the violations, [and] the continued drug use." Where, as here, "the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (quoting Gall, 552 U.S. at 50).

The sentence is affirmed.

_____