# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2219

_____

United States of America

*Plaintiff - Appellee*

v.

Terry Tyson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 19, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Terry Tyson pled guilty to possession of child pornography in 2012 and was sentenced to 21 months of imprisonment to be followed by a five-year period of supervised release. In 2018, Tyson knowingly and voluntarily admitted allegations in a petition for revocation asserting he had violated the conditions of his supervised

release.  The district court[1] found that the advisory guideline range was 3–9 months and sentenced Tyson to an above-Guidelines sentence of 15 months' imprisonment. Tyson appeals, asserting his sentence is substantively unreasonable.  We affirm.

One of Tyson's supervised release conditions prohibited him from "possess[ing] a firearm, ammunition, destructive device, or any other dangerous weapon."  Other conditions of release included prohibitions on possessing pornographic material or erotica and on using the internet to access pornography.  In 2016, previous to the current revocation, the court had ordered Tyson to reside at a residential reentry center for a period of 180 days after Tyson was found to be in possession of pornography in violation of the terms of his supervision.

In 2018, the probation office uncovered evidence that Tyson was once again accessing pornography via various social media accounts.  Some of the materials found in Tyson's possession involved bondage and survivalist materials including a PDF explaining "how to kill a person with your bare hands."  Tyson was also in possession of physical copies of pornography and several weapons, including machetes, a bow and arrows, a two million volt stun gun and a dozen throwing knives. Also in Tyson's possession were numerous photographs of unidentified females in shorts or swimsuits taken from great distances or through a chain link fence.

While Tyson admitted to possession of the contraband, he asserted that he possessed the weapons innocently because he was a survivalist.  The record showed that in addition to the weapons, Tyson possessed items that were consistent with abduction.  These items included a "go bag" containing zip ties, women's pantyhose, women's feminine products, nylon rope, trash bags, tape, and a jar of Vaseline. Before imposing a sentence, the district court discussed the serious nature of the violations, noting "[i]f someone was about to put together a kit of materials and tools

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

to go abduct someone, I can't imagine much that they would put in that kit in addition to what was there." The court rejected Tyson's claim that the materials were related to his long-term attraction to the survivalist movement and found that, even in the absence of a past violent history, Tyson posed an ongoing risk to the public.

We review a district court's sentence on revocation of supervised release under the same "deferential abuse-of-discretion standard" that governs initial sentencing proceedings. United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (citations omitted). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir. 2016) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)). A district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. White, 816 F.3d 976, 988 (8th Cir. 2016) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

The district court's explanation of its sentence adequately articulated why it considered Tyson's multiple violations worthy of an above-range sentence. Tyson admitted that he violated multiple conditions of supervised release, including the prohibition on possessing dangerous weapons. Tyson was found with a cache of weapons along with other objects that demonstrated that Tyson posed an ongoing threat to the public. The district court did not abuse its discretion by taking those considerations into account when exercising its wide latitude to weigh the § 3553(a) factors. We affirm the judgment of the district court.

_____