# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1288
_____

United States of America

*Plaintiff - Appellee*

v.

Larry Wrice

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: December 14, 2020
Filed: January 28, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Larry Wrice admitted to seven Grade C violations of supervised release, including an arrest for driving while intoxicated. The district court[1] sentenced him

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

to an above-Guidelines sentence of 18 months' imprisonment. He now appeals, claiming the sentence is substantively unreasonable because the court went above the probation officer's recommendation and the sentence exceeded what he would have received for driving while intoxicated under Iowa law.[2]

The district court originally imposed a 352 month term of imprisonment for possession with intent to distribute 50 grams or more of a mixture or substance containing crack cocaine with a concurrent 120 month term for being a felon in possession of a firearm. When Amendment 782 was adopted, the court reduced Wrice's sentence to a term of 210 months. This term was further reduced to time-served when the First Step Act became effective. Wrice was released to supervision on April 17, 2019. His supervision was problematic from the outset. He tested positive for marijuana the day after he was released. This inauspicious start was followed by a number of failures to submit to testing and positive test results for marijuana, which resulted in a condition that Wrice serve six consecutive weekends in jail. After being on supervision for approximately nine months, Wrice was arrested for driving while intoxicated, having been clocked at 104 miles per hour in a 70 mile-per-hour zone. While Wrice promptly informed his supervising officer of his arrest and consumption of alcohol, he neglected to tell the officer that two other felons were in the car.

At the revocation hearing, Wrice's admissions to seven Grade C violations[3] resulted in an advisory Guidelines range of 7 to 13 months' imprisonment. Wrice requested commitment to a residential reentry center to address his mental health and

---

[2]Wrice has also filed a motion to seal his name from the public. We deny his overbroad motion, which is in essence a request to seal his entire case.

[3]The violations included Wrice's use of a controlled substance, failure to participate in substance abuse testing, new law violation, use of alcohol, interaction with a known felon, and failure to truthfully answer inquiries.

substance abuse issues, claiming his most recent legal problems were caused by stress related to personal issues. The district court rejected Wrice's sentencing recommendation and imposed an 18 month term of imprisonment to be followed by 7 years of supervised release. The court provided the following reasons for its sentence: (1) Wrice's dangerousness to the community as shown by the drunk-driving incident; (2) Wrice's attempt to shift responsibility by blaming his behavior on stress; and (3) concern related to Wrice's repeated noncompliance despite the breaks he had received.

The district court abuses its discretion and imposes an unreasonable sentence when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (citations omitted). Having carefully reviewed the record, we find no abuse of discretion. The district court appropriately weighed the 18 U.S.C. § 3553(a) factors and adequately explained the reasons for its sentence. Deviation from the advisory Guidelines range or the imposition of a sentence above a probation officer's recommendation does not render the sentence substantively unreasonable, as neither the Guidelines range nor the probation officer's recommendation is binding on the court. In addition, the penalty under Iowa law for driving while intoxicated is immaterial because a revocation court imposes a sentence for failing to comply with the terms of supervision, not for violating the underlying state criminal law.

We conclude the revocation sentence is not substantively unreasonable, as it falls within the statutory framework set forth in 18 U.S.C. § 3583(e)(3) and (h) and there is no indication the district court overlooked a relevant factor, gave significant weight to an improper fact or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. We affirm.

_____