# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3351
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Dion Roundtree, also known as Christopher Deon Roundtree

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: March 18, 2022
Filed: June 24, 2022
[Unpublished]
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Christopher Roundtree was sentenced to 48 months in prison and 24 months of supervised release for being a felon in possession of a firearm, 18 U.S.C. § 922(g). When he got out of prison, Roundtree violated the terms of his supervised release by using marijuana and cocaine. Rather than revoking his supervised release, the

district court[1] modified his terms, requiring Roundtree to perform community service and spend several weekends in jail. A few months later, he again violated the terms of his supervised release, this time by testing positive for drugs and refusing to provide a urine sample five times. The district court varied upward from the Guidelines range of 5–11 months in prison and imposed an 18-month sentence. Roundtree appeals, arguing that his revocation sentence is substantively unreasonable.

We review the substantive reasonableness of a revocation sentence "under a deferential abuse-of-discretion standard." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted).

Roundtree argues that the district court erred by failing to give adequate weight to his drug addiction and the fact that he didn't commit any crimes while on supervised release. But his "assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021). The record demonstrates that the district court thoughtfully considered the appropriate § 3553(a) factors, including Roundtree's history of recidivism, and imposed a higher sentence accordingly. We affirm.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.