United States Court of Appeals

For the Eighth Circuit

_____

No. 25-1645
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher William Weigert

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: January 16, 2026
Filed: April 30, 2026
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Christopher Weigert appeals the sentence the district court[1] imposed after revoking his supervised release. Weigert contends that (1) the district court clearly

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

erred in finding that he violated the terms of his supervised release and (2) his sentence is substantively unreasonable. We affirm.

On March 5, 2025, the United States Probation Office filed a second amended petition to revoke Weigert's supervised release, citing various violations of release conditions, including failure to participate in substance abuse testing on seventeen occasions, use of a controlled substance, use of alcohol, a new law infraction, and failure to follow his probation officer's instructions. At the revocation hearing, Weigert admitted to failing to participate in substance abuse testing but contested the other alleged violations. Then, over his objection, the district court found that Weigert committed each of the alleged violations. It calculated an advisory guidelines range of 4 to 10 months and imposed a sentence of 12 months and 1 day imprisonment, followed by 1 year and 364 days of supervised release. On appeal, Weigert argues that the district court clearly erred in finding he had committed the contested violations and that his sentence is substantively unreasonable.

We first address Weigert's argument that the district court clearly erred in finding he committed the contested violations of his supervised release. *See United States v. Cotton*, 861 F.3d 1275, 1277 (8th Cir. 2017) ("Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed."). The district court did not clearly err in finding that Weigert committed all the alleged violations of his supervision. Ample evidence supports the district court's factual findings. First, the district court relied on Weigert testing positive for methamphetamine and his history of methamphetamine abuse, along with the circumstantial evidence of Weigert's romantic relationship deteriorating and a pattern of missing several drug tests. The district court thus found "without any doubt at all" that Weigert had used a controlled substance while on supervised release. Second, the district court relied on Weigert's romantic partner's testimony that Weigert had drank beer and poured a beer on her to find that Weigert had both used alcohol and committed a new law violation. On appeal, Weigert appears to argue that the district court erred in assessing the credibility of his romantic partner. "Witness credibility is quintessentially a judgment call and

virtually unassailable on appeal," *United States v. Bolden*, 596 F.3d 976, 982 (8th Cir. 2010), and we cannot say that crediting Weigert's romantic partner's testimony was clear error. Finally, the district court found, based on the probation officer's testimony, that Weigert "just flatly refus[ed]" to follow his probation officer's instructions. Even Weigert's counsel conceded that he "probably should have . . . admitted" this point. Accordingly, we detect no clear error in the district court findings concerning Weigert's violations of his release conditions.

We next address whether the sentence was substantively unreasonable. We review the substantive reasonableness of his sentence under a deferential abuse-of-discretion standard. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011). "A sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Leonard*, 785 F.3d 303, 306-07 (8th Cir. 2015). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. White*, 863 F.3d 1016, 1021 (8th Cir. 2017).

Weigert appears to argue that his sentence was substantively unreasonable because he "performed well" at the beginning of his supervised release. Even so, the district court did not abuse its discretion because it explicitly stated that it had considered all of the § 3553(a) factors and explained its upward variance by pointing to Weigert's refusal to take responsibility for his actions as well as his drug use and violent actions while on supervised release. *See Growden*, 663 F.3d at 984-85 ("The district court gave appropriate consideration to the 18 U.S.C. § 3553(a) factors, sufficiently explained its reasoning for the variance, and imposed a sentence within the statutory limits."). On appeal, Weigert gestures towards his initial lack of violations on supervised release, but the district court already took this fact into account when it declined to sentence him to the statutory maximum. This is not the "unusual case" when we will reverse a district court sentence as substantively

unreasonable.  *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Accordingly, we affirm.

_____